# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHRISTOPHER WALLEY, #80873**  PLAINTIFF

v.  CIVIL NO. 1:19cv413-HSO-JCG

**JACKSON COUNTY NARCOTIC TASK FORCE, et al.**  DEFENDANTS

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court sua sponte. Pro se Plaintiff Christopher Walley ("Plaintiff"), an inmate of the Mississippi Department of Corrections, brings this Complaint pursuant to 42 U.S.C. § 1983. Compl. [1] at 3. Plaintiff is proceeding *in forma pauperis*. *See* Order [6]. The named Defendants are Jackson County Narcotic Task Force and Jackson County, Mississippi. Compl. [1] at 1–2; Order [9] at 1.

On October 3, 2019, the Court entered an Order [7] directing Plaintiff to provide additional information concerning his claims, including whether his state convictions and sentences have been invalidated. Plaintiff filed his response in the form of an Amended Complaint. *See* Pl.'s Am. Compl. [8] at 1–9. The Court, having liberally construed Plaintiff's Complaint [1] and Amended Complaint [8], finds that this case should be dismissed.

## I. BACKGROUND

Plaintiff alleges that in early 2011 he contacted Defendant Jackson County Narcotic Task Force and other law enforcement officials requesting criminal

investigations concerning the sale of illegal drugs and guns and the threat of physical violence, including murder. Compl. [1] at 4–12; Pl.'s Am. Compl. [8] at 3–6. He complains that his requests were ignored. *Id.*

Plaintiff also asserts that he was "target[ed] . . . by a drug cartel" to sell drugs, Pl.'s Am. Compl. [8] at 2, and that he sought help from Singing River Mental Health crisis line because he was "pulled into a drug ring unwillingly," *id.* at 3. Plaintiff is now serving a 12-year sentence after he was convicted in state court of possession of a controlled substance and possession of a firearm by a felon. *Id.*

## II. DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. 28 U.S.C. § 1915(h). The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Since Plaintiff is a prisoner proceeding *in forma pauperis*, his case is subject to the case screening procedures set forth in the PLRA.

Plaintiff cannot maintain his § 1983 claims in this case. First, "[f]ailure [of law enforcement officials] to investigate or prosecute an offense does not give rise to § 1983 liability." *Rolen v. City of Brownfield, Tex.*, 182 F. App'x 362, 364 (5th Cir. 2006) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001)); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (finding a sheriff not liable

for failure to press criminal charges against the officers involved in the alleged assault of the plaintiff). For this reason, Plaintiff's claims should be dismissed with prejudice for failure to state a claim on which relief may be granted.

To the extent Plaintiff's claims could be construed as implicating his state convictions and sentences, his case is also subject to dismissal under the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] According to *Heck*, a claim for damages, a declaratory judgment, or injunctive relief that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that in addition to claims for damages, *Heck* applies to claims for declaratory relief and injunctive relief).

In such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Because Plaintiff's pleadings do not establish that his state convictions and sentences have been invalidated, *see* Pl.'s Am. Compl. [8] at 1—8, his § 1983 claims seeking a determination that his convictions

---

[1] Plaintiff alleges that he was "pulled into a drug ring unwillingly" resulting in the 12-year sentence he is now serving. Pl.'s Am. Compl. [8] at 3.

and sentences are illegal are precluded by *Heck*. As such, these claims are legally frivolous and will be dismissed with prejudice "until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Having considered the pleadings and applicable law, the Court will dismiss this § 1983 civil action as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)−(ii).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action filed pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)−(ii).

A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED and ADJUDGED, this the 5th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE